UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 12-61961-CIV-ROSENBAUM/HUNT

MARK S. MAIS,

    Plaintiff,

vs.

UNITED COLLECTION BUREAU, INC.,
CELLCO PARTNERSHIP d/b/a VERIZON
WIRELESS and LIVEVOX, INC.,

    Defendants.
_____/

## DEFENDANT, LIVEVOX, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant LiveVox, Inc. ("LiveVox"), by and through the undersigned counsel, as and for its Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint (the "Amended Complaint") hereby states as follows:

1. LiveVox admits that Plaintiff purports to allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, but otherwise denies the allegations in Paragraph 1.

2. LiveVox admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, lacks sufficient knowledge and information to admit or deny the allegations regarding where Plaintiff resides, and otherwise denies the allegations in Paragraph 2.

3. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 3.

4. LiveVox admits upon information and belief that Defendant United Collection Bureau, Inc. ("UCB") has its headquarters in Toledo, Ohio, but otherwise lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 4.

5. Admitted, except denies that LiveVox is a "citizen" of the State of California.

6. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 6.

7. The allegations of Paragraph 7 set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 7 and respectfully refers the Court to the FCC's Declaratory Ruling 07-232 for its true and complete contents.

8. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 8, except LiveVox denies that LiveVox left any messages on Plaintiff's cellular voice mail.

9. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 9, except LiveVox denies that LiveVox placed any telephone calls to Plaintiff's cellular telephone.

10. LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 10.

11. The allegations of Paragraph 11 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox denies that LiveVox placed any telephone calls to Plaintiff.

12. The allegations of Paragraph 12 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox denies the allegations of Paragraph 12.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING UNITED COLLECTION BUREAU, INC. AND CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS

13. LiveVox incorporates by reference its responses to paragraphs 1 through 12 of the First Amended Complaint as if fully set forth herein.

CASE NO. 12-61961-CIV-ROSENBAUM/HUNT

14. The allegations of Paragraph 14 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox denies that LiveVox placed any telephone calls to Plaintiff.

With regard to Plaintiff's Prayer for Relief on this claim against UCB and Cellco Partnership d/b/a Verizon Wireless, a response is not required. LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING LIVEVOX, INC.

15. LiveVox incorporates by reference its responses to paragraphs 1 through 14 of the Amended Complaint as if fully set forth herein.

16. The allegations of Paragraph 16 set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox denies those allegations.

With regard to Plaintiff's Prayer for Relief, a response is not required. LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

All allegations of the First Amended Complaint not expressly admitted to herein are denied.

## AFFIRMATIVE DEFENSES
### FIRST DEFENSE

The First Amended Complaint fails to state a cause of action.

### SECOND DEFENSE

Plaintiff has not sustained any damages and is not entitled to recover any damages.

CASE NO. 12-61961-CIV-ROSENBAUM/HUNT

### THIRD DEFENSE

To the extent Plaintiff can prove that he sustained any actual or other damages, those damages were not caused by LiveVox. LiveVox expressly reserves its claims for contribution and indemnification.

### RESERVATION TO RAISE ADDITIONAL AFFIRMATIVE DEFENSES

LiveVox reserves the right to raise additional affirmative defenses as warranted by discovery in this action.

**WHEREFORE**, LiveVox respectfully requests that the Court enter judgment in favor of LiveVox, and dismiss the First Amended Complaint with prejudice, with costs and disbursements to LiveVox, together with any other relief the Court finds to be just and proper.

Respectfully submitted,

/s/ Joel Shulman
JOEL L. SHULMAN
Florida Bar No. 389242
Joel.shulman@gmlaw.com
**GREENSPOON MARDER, P.A.**
Trade Center South, Suite 700
Fort Lauderdale, FL 33309
Tel: (954) 267-8018
Fax: (954) 267-8019
Attorneys for Defendant LiveVox

-and-

Nathaniel P.T. Read (Motion to Appear *Pro Hac Vice* pending)[1]
nread@cohengresser.com
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
Tel: (212) 757-7600

---

[1] A Motion for Nathaniel Read to Appear *Pro Hac Vice* has been filed on May 17, 2013.

13124897 v1

4